Angela M. Taylor (State Bar No. 210425)
angelataylor@jonesda.com
JONES DAY
3161 Michelson Drive, Ste. 800
Irvine, CA 92612
Telephone: (949) 851-3939
Facsimile: (949) 553.7539

Hannah K. Bensen (State Bar No. 335839)
hbensen@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2477
Facsimile: (213) 243-2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

[*Additional counsel listed in signature block*]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JACOB HOFFMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>I.C. SYSTEM, INC.; TRANS UNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>             Defendants. | Case No. 1:21-cv-01637-AWI-BAK (EPG)<br><br>Magistrate Judge Erica P. Grosjean<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: October 7, 2021<br>Case removed:   November 9, 2021 |

March 3, 2022, the parties filed this Joint Stipulated Protective Order. (ECF No. 30.) This is the second proposed stipulated protective order filed by the parties. (*See* ECF No. 23.) On February 4, 2022, the Court entered an order denying the parties' first proposed protective order without prejudice because it failed to comply with Local Rule 141.1(c). (ECF No. 24.) That rule requires that every proposed protective order contain the following provisions:
   (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c).

The revised stipulation largely complies with Local Rule 141.1(c). However, when describing the types of information eligible for protection, which Local Rule 141.1(c)(1) requires, the revised stipulation includes the language

> Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include: (1) information relating to or revealing trade secrets of the Defendants regarding the compilation of credit information; (2) research, development, technical, commercial, financial, credit reporting or insurance information that any party has maintained as confidential; (3) personal income, credit, or other confidential information of Plaintiff or a person(s) who is not party to the case; or (5) other proprietary information belonging to the Defendants."

(ECF No. 30 at 2) (emphasis added). This catchall language does not comply with Local Rule 141.1(c)(1). The Court has revised the protective order to exclude this language but otherwise enters the protective order proposed by the parties.

///

///

///

///

///

///

///

///

///

///

///

///

IT IS HEREBY STIPULATED by and between Plaintiff Jacob Hoffman ("Plaintiff"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant I.C. System, Inc. ("I.C. System"), and Defendant Trans Union, LLC ("Trans Union") (collectively, "Defendants"), through their respective attorneys of record, as follows:

<u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 140-141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

<u>Statement under L.R. 141.1(c)(1)</u>: The parties may protect the following confidential information from unrestricted or unprotected disclosure pursuant to this protective order: (1) information relating to or revealing trade secrets of the Defendants regarding the compilation of credit information; (2) research, development, technical, commercial, financial, credit reporting or insurance information that any party has maintained as confidential; (3) personal income, credit, or other confidential information of Plaintiff or a person(s) who is not party to the case; or (5) other proprietary information belonging to the Defendants.

<u>Statement under L.R. 141.1(c)(2)</u>: Information and documents shall only be designated under this Stipulated Protective Order because the Producing Party believes the information or documents are proprietary or confidential, and not publicly released. Unrestricted or unprotected disclosure of such information or documents would result in prejudice or harm to the Producing Party by revealing its competitive confidential information, which represents valuable tangible

and intangible assets of that party.  Accordingly, the parties respectfully submit that there is good cause for entry of this order.

<u>Statement under L.R. 141.1(c)(3):</u>  Protecting the confidential nature of information this way will be the most efficient for the parties and the Court.  The issues in this case turn largely on whether Defendants conducted reasonable investigations into any information disputed by Plaintiff, and whether Defendants maintained and followed reasonable procedures to ensure the maximum possible accuracy with respect to the information contained in Plaintiff's consumer reports.  Information the parties believe to be confidential will need to be exchanged, in discovery and motion practice.  A private agreement to safeguard this information would be insufficient because it would need to be replicated in orders of this Court at the time of any filings of this information.

STIPULATED PROTECTIVE ORDER

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."  The Producing Party may designate portions of any deposition testimony or deposition transcript as "Confidential" or "Confidential—Attorney's Eyes Only" by making such designation before the

1  testimony is given or within thirty (30) days from the date the deposition transcript becomes
2  available.

3       3.     If a Producing Party believes in good faith that, despite the provisions of this
4  Protective Order, there is a substantial risk of identifiable harm to the Producing Party if
5  particular documents it designates as "Confidential" are disclosed to all other parties or non-
6  parties to this action, the Producing Party may designate those particular documents as
7  "Confidential—Attorneys' Eyes Only."

8       4.     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers
9  to be filed with the Court incorporate documents or information subject to this Order, the party
10 filing such papers shall designate such materials, or portions thereof, as "Confidential" or
11 "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided,
12 however, that a copy of such filing having the confidential information deleted therefrom may be
13 made part of the public record.  Any party filing any document under seal must comply with the
14 requirements of Civil Local Rules 140 and 141.

15       5.     All documents, transcripts, or other materials subject to this Order, and all
16 information derived therefrom (including, but not limited to, all testimony given in a deposition,
17 declaration or otherwise, that refers, reflects or otherwise discusses any information designated
18 "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or
19 indirectly, by any person, including the other Defendants, for any business, commercial or
20 competitive purposes or for any purpose whatsoever other than solely for the preparation for and
21 trial of this action in accordance with the provisions of this Order.

22       6.     Except with the prior written consent of the individual or entity designating a
23 document or portions of a document as "Confidential," or pursuant to prior Order after notice, any
24 document, transcript or pleading given "Confidential" treatment under this Order, and any
25 information contained in or derived from any such materials (including but not limited to, all
26 deposition testimony that refers to, reflects or otherwise discusses any information designated
27 "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may
28 not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this

litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(d), 6(e), 6(f), or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed. All electronically stored information afforded confidential treatment pursuant to this Order shall be destroyed within sixty (60) days after the final termination of this litigation.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 251(b). If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as

1  "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this
2  Protective Order.
3      14.    Nothing herein shall affect or restrict the rights of any party with respect to its own
4  documents or to the information obtained or developed independently of documents, transcripts
5  and materials afforded confidential treatment pursuant to this Order.
6      15.    The Court retains the right to allow disclosure of any subject covered by this
7  stipulation or to modify this stipulation at any time in the interest of justice.

Dated: March 3, 2022                    Respectfully Submitted,


                                        By: */s/ Angela M. Taylor*
                                            Angela M. Taylor

                                        JONES DAY
                                        3161 Michelson Drive, Ste. 800
                                        Irvine, CA 92612
                                        Telephone: (949) 851-3939
                                        Facsimile: (949) 553-7539
                                        Email: angelataylor@jonesday.com

                                        *Attorneys for Defendant*
                                        EXPERIAN INFORMATION SOLUTIONS, INC.

Dated: March 3, 2022                    By: */s/ Joshua B. Swigart*
                                            Joshua B. Swigart (as authorized on
                                            February 8, 2022)

                                        Swigart Law Group, APC
                                        2221 Camino Del Rio South, Suite 308
                                        San Diego, CA 92108
                                        Telephone: (619) 728-6348
                                        Facsimile: (866) 219-8344
                                        Email: josh@swigartlawgroup.com

                                        *Attorneys for Plaintiff*
                                        JACOB HOFFMAN

Dated: March 3, 2022                              Respectfully Submitted,


                                                  By:*/s/ Sean P. Flynn*
                                                      Sean P. Flynn (as authorized on February 8, 2022)

                                                  Gordon Rees Scully Mansukhani, LLP
                                                  8050 N. Palm Avenue, Suite 300
                                                  Fresno, CA 93711
                                                  Telephone: (702) 577-9317
                                                  Email: sflynn@grsm.com

                                                  *Attorneys for Defendant*
                                                  I.C. SYSTEM, INC.


Dated: March 3, 2022                              By: */s/ Jason Roberts*
                                                      Jason Roberts (as authorized on March 2, 2022)

                                                  Schuckit & Associates, P.C.
                                                  4545 Northwestern Drive
                                                  Zionsville, IN 46077
                                                  Telephone: (317) 363-2400
                                                  Facsimile: (317) 363-2257
                                                  Email: jroberts@schuckitlaw.com

                                                  *Attorneys for Defendant*
                                                  TRANS UNION, LLC

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 30), as modified to comply with Local Rule 141.1(c), the parties' Stipulated Protective Order is hereby approved.

IT IS SO ORDERED.

Dated:   **March 7, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE