# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB HOFFMAN,<br><br>        Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.; TRANS UNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        **Defendants** | CASE NO. 1:21-cv-01637-AWI-EPG<br><br>**ORDER DIRECTING DEENDANTS TO SHOW CAUSE WHY STIPULATION OF DISMISSAL AS TO DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC SHOULD NOT BE GRANTED UNDER FED. R. CIV. P. 41(a)(2)**<br><br>(Doc. Nos. 38 & 44) |

      On April 22, 2022, Plaintiff Jacob Hoffman and Defendant Trans Union, LLC ("Trans Union") filed a Stipulation for Dismissal with Prejudice as to Trans Union, only. (Doc. No. 38.) On April 25, 2022, the Magistrate Judge found that the Stipulation was ineffective under Fed. R. Civ. P. 41(a)(1)(A)(ii) because Defendants I.C. System, Inc. ("I.C. System") and Experian Information Solutions, Inc. ("Experion") did not sign the stipulation.[1] (Doc. No. 39.) The Magistrate Judge thereafter ordered I.C. System and Experion to file a response or statement of non-opposition to the Stipulation. <u>Id.</u> On May 2, 2022, Experion filed a Statement of Non-Opposition to the Stipulation. (Doc. No. 41.) On May 9, 2022, I.C. System filed Objections to the Stipulation. (Doc. No. 42.) Despite I.C. System's Objections and the Magistrate Judge's admonition that all appearing parties' signatures are required for a stipulation to be effective under Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff, Trans Union, and Experion filed a Stipulation of Dismissal with Prejudice as to Experion, only, without the signature of I.C. System on May 18,

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(ii) provides that a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.

2022. (Doc. No. 44.) Because the April 22, 2022 and May 18, 2022 Stipulations are not signed by all Defendants, they do not satisfy the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii) and, therefore, their voluntary dismissals without a court order are ineffective.

Nevertheless, at Plaintiff's request only, the actions against Trans Union and Experion may be dismissed by court order if the requirements of Fed. R. Civ. P. 41(a)(2) are satisfied. Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2). "The decision to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is addressed to the sound discretion of the district court." Navellier v. Sletten, 262 F.3d 923, 938 (9th Cir. 2001) (citing Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980)). A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result." Romero v. Citibank U.S.A., 551 F. Supp. 2d 1010, 1015 (E.D. Cal. 2008) (citing Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001)). "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093 (9th Cir. 2017) (citing Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

Accordingly, IT IS HEREBY ORDERED that:

1. all Defendants are directed to show cause in writing within **fourteen (14) days** of service of this order why dismissal of Trans Union and Experion under Rule 41(a)(2) should not occur;
2. Plaintiff is ordered to file a reply to any response that opposes said dismissal **within fourteen (14) days** of the filing of the response;
3. Failure of any party to respond to this order shall be construed as a non-opposition.

IT IS SO ORDERED.

Dated:   May 20, 2022                         _____
                                              SENIOR DISTRICT JUDGE