**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JACOB HOFFMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**I.C. SYSTEM, INC.; TRANS UNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants** | CASE NO. 1:21-cv-01637-AWI-EPG<br><br>**ORDER DISMISSING DEFENDANTS TRANS UNION, LLC AND EXPERIAN INFORMATION SOLUTIONS, INC. FROM CASE**<br><br>(Doc. No. 45) |

On May 20, 2022, the Court ordered Defendants I.C. System, Inc. ("I.C. System"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experion") (collectively, "Defendants") to show cause in writing within fourteen (14) days of service of its order why Plaintiff Jacob Hoffman's request to dismiss Trans Union and Experion from this case under Rule 41(a)(2) should not be granted. Doc. No. 45 at 1-2 (citing Doc. Nos. 38 & 44). The Court's order noted that "[f]ailure of any party to respond to this order shall be construed as a non-opposition." Id. at 2. Defendants' 14-day deadline to file a written response has passed, and Defendants have not filed nor is the Court aware of any intent by Defendants to file a response explaining why Trans Union or Experion should not be dismissed from this case.

At Plaintiff's request, the actions against Trans Union and Experion may be dismissed by court order if the requirements of Fed. R. Civ. P. 41(a)(2) are satisfied. Fed. R. Civ. P. 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2). "The decision to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is addressed to the sound discretion of

the district court." Navellier v. Sletten, 262 F.3d 923, 938 (9th Cir. 2001) (citing Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980)). A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) "unless a defendant can show that it will suffer some plain legal prejudice as a result." Romero v. Citibank U.S.A., 551 F. Supp. 2d 1010, 1015 (E.D. Cal. 2008) (citing Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001)). "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093 (9th Cir. 2017) (citing Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

Here, Defendants have not provided any indication before or after their 14-day deadline that they would "suffer some plain legal prejudice as a result" of dismissing Trans Union and Experion from this case. Romero, 551 F. Supp. 2d at 1015; Smith, 263 F.3d at 975. In light of the passed deadline and express warning provided, the Court can only conclude that Defendants do not oppose and would not be prejudiced by the dismissal of Trans Union and Experion under Rule 41(a)(2). Therefore, it is appropriate to dismiss Trans Union and Experion from this case.

Accordingly, IT IS HEREBY ORDERED that Defendants Trans Union and Experion be dismissed from this case.

IT IS SO ORDERED.

Dated:   September 20, 2022            _____
                                        SENIOR DISTRICT JUDGE

2